IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01270-PAB

WILLIAM DAVENPORT,

    Applicant,

v.

JOHN CHAPDELAINE and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Applicant William Davenport is in the custody of the Colorado Department of Corrections ("CDOC") at the Correctional Facility in Sterling, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] challenging the validity of a conviction and sentence imposed in the District Court for the City and County of Denver, Colorado, Case No. 05CR1165. Mr. Davenport has paid the $5.00 filing fee.

On June 16, 2016 and July 5, 2016, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Docket Nos. 6 and 7. Respondents submitted a Pre-Answer Response on July 27, 2016. Docket No. 1). Applicant filed a Reply on September 9, 2016, Docket No. 18, after obtaining an extension of time.

The Court construes Mr. Davenport's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application in part.

## I. BACKGROUND AND STATE COURT PROCEEDINGS

After Mr. Davenport's first trial ended in a hung jury, he was convicted after a second trial of one count of first-degree murder (after deliberation), four counts of attempted first-degree murder (after deliberation), and one count of attempted first-degree murder (extreme indifference). Docket No. 13-1 at 5-8; No. 13-9. Applicant was sentenced on March 21, 2007 to a term of life without parole, plus five consecutive 48-year terms. *Id.*

Applicant's convictions were affirmed on direct appeal in *People v. William Lee Davenport, III* (*Davenport I*), No. 07CA878 (Colo. App. June 24, 2010) (unpublished). Docket No. 13-9. The Colorado Supreme Court denied Applicant's petition for certiorari review on January 11, 2011. Docket No. 13-7.

Mr. Davenport's motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), filed on June 1, 2011, and the supplement filed by court-appointed counsel on August 3, 2012 were denied by the state district court on February 13, 2013. Docket No. 13-1 at 16-19; No. 13-6. The Colorado Court of Appeals affirmed in *People v. William Lee Davenport, III* (*Davenport II*), No. 13CA607 (Colo. App. July 6, 2015) (unpublished). Docket No. 13-4. Applicant's petition for certiorari review was denied by the Colorado Supreme Court on January 19, 2016. Docket No. 13-2.

On May 26, 2016, Mr. Davenport filed his federal application under 28 U.S.C. § 2254. The Court construes the *pro se* Application liberally to assert the following claims:

> 1. Applicant was denied his constitutional right to a fair trial because the trial court admitted DNA evidence that was inadmissible under Colo. R. Evid. ("CRE") 403 and 702. Docket No. 1 at 5-6.
>
> 2. Applicant was denied his constitutional right to a fair trial because the court admitted irrelevant evidence of statements made by two African-American males in the presence of a bartender as *res gestae*. *Id.* at 7-9.
>
> 3. Applicant was denied a fair trial, in violation of due process, because the trial court refused to give the jury: (a) his tendered "identity instruction," which would have instructed the jury against convicting unless it found that Applicant was the person who committed the crimes beyond a reasonable doubt, *id.,* at 9-10; and, (b) his tendered "missing witness" instruction, which would have instructed the jury that it should assume that the testimony of Applicant's brother would have been favorable to the defense. *Id.* at 10-11.
>
> 4. Applicant was denied his constitutional right to due process when a prosecution witness identified Applicant for the first time at trial in circumstances rendering that identification unduly suggestive. *Id.* at 12.
>
> 5. Applicant was denied his constitutional right to due process when the state post-conviction court rejected his ineffective-assistance-of-counsel (IAC) claim (based on the failure to call an expert witness to undermine the reliability of eyewitness identification) without conducing an evidentiary hearing. *Id.* at 13-14.

In the Pre-Answer Response, Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). Docket No. 13 at 6. Respondents further concede that Applicant exhausted state court remedies for claims 3(a) and 4. *Id.* at 22, 28. Respondents argue, however, that Applicant has committed an anticipatory procedural default of claims 1 and 2; that claim 3(b) is unexhausted, rendering the entire Application a mixed petition; and that, although claim 5 does not state

3

a cognizable constitutional claim, Applicant has nonetheless exhausted an IAC claim based on defense counsel's decision not to call an expert to undermine the reliability of eye witness identification. *Id.* at 14-22, 23-29.

## II. EXHAUSTION OF STATE COURT REMEDIES AND PROCEDURAL DEFAULT

### A. Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66

(1995) (per curiam). Therefore,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A procedural rule is independent if it is based upon state law, rather than federal law. *Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998)). A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'" *Id.* (quoting *Walker v. Att'y Gen.*, 167 F.3d 1339, 1344

(10th Cir.1999)).  The applicant bears the burden of specifically alleging the inadequacy of a state procedural law.  *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### B. APPLICABILITY OF PROCEDURAL DEFENSES

#### 1. Claim 1

In claim one, Mr. Davenport contends that he was denied his constitutional right to a fair trial because the trial court admitted DNA evidence that was inadmissible under CRE 403 and 702.  Docket No. 1 at 5-6.  Respondents argue that Applicant failed to exhaust the claim in the state courts as a federal constitutional violation.  Docket No. 13 at 14-19.  Respondents further maintain that Applicant has committed an anticipatory procedural default because, if he attempted to raise the claim in the state courts in a second Rule 35(c) motion, the claim would be barred by an adequate and independent state procedural rule.  *Id.* at 20.

In his opening brief in *Davenport I*, Applicant asserted that the trial court abused its discretion in admitting DNA evidence in violation of CRE 702 and 403 and cited Colorado cases in support.  Docket No. 13-10 at 19-29.  At the conclusion of his argument, Applicant stated: "Because the expert testimony about DNA mixture evidence and frequency statistic was inadmissible under Rule 702 and 403, Mr. Davenport's right to a fair trial was violated.  U.S. Const. Amends, V and XIV; . . . ."  *Id.* at 29.

Mr. Davenport's presentation of claim 1 to the Colorado Court of Appeals did not alert the state appellate court that he was alleging a violation of his constitutional right to a

6

fair trial. First, the "abuse of discretion" standard urged by Applicant is inconsistent with the de novo standard that would have applied had he asserted a constitutional violation. *Compare People v. Ibarra*, 849 P.2d 33, 38 (Colo. 1993) (evidentiary rulings are reviewed for abuse of discretion) *and People v. Greer*, 262 P.3d 920, 927 (Colo. App. 2011) (alleged due process violation stemming from alleged absence of unanimous verdict reviewed do novo). Second, "errors of state law do not automatically become violations of due process." *Rivera v. Illinois*, 556 U.S. 148, 160 (2009); *see also id.* at 158 ("The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial." (internal citation and quotation marks omitted); *Burke v. Rudek*, No. 12-6036, 483 F. App'x 516, 518-19 (10th Cir. June 6, 2012) (unpublished) (concluding that exhaustion requirement was not satisfied where applicant argued to the state appellate courts that the admission of certain evidence violated state law, but did not assert a violation of the federal constitution).

And, finally, Applicant's conclusory citation to constitutional provisions at the end of his state law argument is insufficient to satisfy the "fair presentation" requirement. *See*, *e.g., Zuniga v. Falk,* 618 F. App'x 407, 411(10th Cir. July 10, 2015) (unpublished) (although applicant's state brief cited 5th, 6th and 14th Amendments at the "tail end of his state law argument," the "conclusory reference to a fair trial and the Constitution [are] insufficient to put the state court on notice that [applicant] was raising a federal constitutional claim") (unpublished) (citing *Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000)); *Cole v. Zavaras,* 349 F. App'x 328, 331 (10th Cir. 2009) (unpublished) (concluding that claims were not presented to the state courts as federal constitutional

7

claims where the petitioner "state[d] in a conclusory fashion that the alleged error violated his federal constitutional rights, but he cite[d] no federal case law to support those claims and d[id] little to connect the claim[s] with the rights he alleged were violated"); *see also Wilder v. Cockrell,* 274 F.3d 255, 260 (5th Cir. 2001) (applicant's "fleeting reference" to due process under the Fifth and Fourteenth Amendments, "tacked onto the end of a lengthy, purely state-law evidentiary argument," failed to exhaust any federal constitutional claim; "[T]o hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement."). Indeed, the Colorado Court of Appeals did not construe Applicant's opening brief as asserting a federal constitutional violation in conjunction with his claim that the trial court violated the Colorado Rules of Evidence. (*See Davenport I*, Docket No. 13-9 at 5-13.)

Having established that Applicant failed to exhaust state court remedies for claim one, Respondents further maintain that he has procedurally defaulted the federal claim under state law because, if he filed a Colo. Crim. P. Rule 35(c) motion at this time, it would be barred as successive. The Court agrees. Any attempt to relitigate the claim as a violation of federal constitutional law would be rejected by the state district court under Colo. Crim. P. Rule 35(c)(3)(VII), which directs the state post-conviction court to deny any claim that could have been presented in a previous appeal (with exceptions not applicable here) and as an abuse of process. *See People v. Rodriguez,* 914 P.2d 230, 254-55 (Colo. 1996) (issues available for review on direct appeal that address the same issue on some recently contrived constitutional theory and are not well-founded constitute an abuse of process). Colo. Crim. P. Rule 35(c)(3)(VII) is independent of federal law and

8

is applied regularly by the Colorado courts.  See, e.g., *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010).  See also *Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454-55 (10th Cir. Aug. 4, 2009) (unpublished) (finding a procedural default based on Colorado Court of Appeals' application of Colo. Crim. P. Rule 35(c)(3)(VII)); *Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished) (same); *Welch v. Milyard*, 436 F. App'x 861, 865 (10th Cir. Aug. 18, 2011) (unpublished) (same).

Consequently, because Mr. Davenport has committed an anticipatory procedural default of claim one, he must satisfy the cause and prejudice standard, or the fundamental miscarriage of justice exception, to pursue his claim in this Court.  See *Coleman*, 501 U.S. at 735 n.1; Anderson, 76 F.3d at 1139-40 n.7.  However, Mr. Davenport does not allege facts in the § 2254 Application or the Reply to excuse his procedural default.  Consequently, claim one of the Application will be dismissed as procedurally barred.

### 2. Claim 2

For his second claim, Applicant contends that he was denied his constitutional right to a fair trial because the court admitted irrelevant evidence of statements made by two African-American males in the presence of a bartender as *res gestae*.  Docket No. 1 at 7-9.  Respondents argue that Applicant failed to exhaust the claim in the state courts because he did not present it as a violation of the federal constitution.  Docket No. 13 at 21.  Respondents further maintain that Applicant has committed an anticipatory procedural default because, if he attempted to raise the claim in the state courts in a second Rule 35(c) motion, the

9

claim would be barred by an adequate and independent state procedural rule. *Id.* at 21-22.

In his opening brief in *Davenport I*, Mr. Davenport maintained that the trial court abused its discretion in admitting the statements made by the men in the bar because the statements were not *res gestae* and were admitted in violation of CRE 401, 402 and 403. Docket No. 13-10, at 29-32. He cited Colorado case law in support of his argument. *Id.* Applicant also made a conclusory assertion at the end of his state law argument that the admission of the evidence denied him the constitutional right to a fair trial. *Id.* at 32.

For the reasons discussed in the preceding section in conjunction with claim one, the Court finds that Applicant did not fairly present claim two to the state appellate courts as a federal constitutional violation. As such, he failed to exhaust state court remedies for claim two. Further, the Court agrees with Respondents that Mr. Davenport has committed an anticipatory procedural default of claim two because the claim would be barred as successive under Colo. Crim. P. Rule 35(c)(3)(VII). As such, Applicant must satisfy the cause and prejudice standard or the fundamental miscarriage of justice exception to pursue the federal claim in this action. However, Mr. Davenport does not articulate any basis in the § 2254 Application or the Reply to excuse his procedural default of claim two. Therefore, claim two of the Application will be dismissed as procedurally barred.

### 3. Claim 3(b)

In claim 3(b), Applicant maintains that he was denied a fair trial, in violation of due process, because the trial court refused his tendered "missing witness" instruction, which would have instructed the jury that it should assume that the

testimony of Applicant's brother would have been favorable to the defense. Docket No. 1 at 10-11. Respondents argue that claim 3(b) is not exhausted because Applicant did not present the claim to the Colorado Supreme Court in his petition for certiorari review. Docket No. 13 at 23-27. Respondents further contend that the inclusion of an unexhausted claim renders the Application subject to dismissal as a mixed petition. *Id.* at 30.

A federal habeas claim must first be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

> The Colorado Appellate Rules provide that:
>
> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1.

Four circuit courts of appeal have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy § 2254(b)'s exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*,

11

276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Absent Tenth Circuit authority specifically holding otherwise, the Court agrees with the reasoning of the other circuit courts and finds that, pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011).

The Colorado Court of Appeals addressed the merits of claim 3(b) in *Davenport I* (*see* Docket No. 13-9 at 25-27). The Court therefore rejects Respondents' exhaustion defense and finds that the claim was properly exhausted in the state courts.

### 4. Claim 5

In claim 5, Mr. Davenport contends that he was denied his constitutional right to due process when the state post-conviction court rejected his IAC claim (based on counsel's failure to call an expert witness to undermine the reliability of eyewitness identification) without conducting an evidentiary hearing. Docket No. 1 at 13-14. Respondents maintain that Applicant did not fairly present the appellate courts with an argument that the summary rejection of his IAC claim violated federal constitutional due process. Docket No. 13 at 28. Instead, he challenged the denial of an evidentiary hearing as a violation of state law. *See generally* Docket No. 13-5.

Although it appears that Applicant did not exhaust state remedies for claim 5, his claim also fails because there is no federal constitutional right to post-conviction review. Consequently, any asserted error in a state authorized post-conviction review proceeding is not cognizable in federal habeas review. *See, e.g., Sellers v. Ward*, 135 F.3d 1333,

1339 (10th Cir. 1998) (claim that state postconviction courts mistakenly construed a statute governing postconviction review was an alleged error of state law not cognizable in habeas corpus).

Notwithstanding, Respondents concede that Mr. Davenport has exhausted an IAC claim based on counsel's failure to call an expert to undermine the reliability of eyewitness identification. Because the Colorado Court of Appeals addressed and rejected that claim on the merits in *Davenport II* (*see id.* at 29; *see also* Docket No. 13-4 at 8-13), the Court agrees that the IAC claim is exhausted.

In sum, the Court finds and concludes that claims 3(a), 4 and 5 (construed as an IAC claim) are exhausted. The Court further finds and concludes that claims 1 and 2 are procedurally barred, and that claim 5 is not cognizable on federal habeas review to the extent Applicant challenges the state district court's failure to hold an evidentiary hearing in the state post-conviction proceeding.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that claims 1 and 2 of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] are dismissed with prejudice as procedurally defaulted. It is further

**ORDERED** that claim 5 is dismissed without prejudice to the extent Applicant challenges the state district court's failure to hold an evidentiary hearing in the state post-conviction proceeding. It is further

**ORDERED** that, within thirty days of this order, Respondents shall file an Answer that fully addresses the merits of Applicant's properly exhausted claims 3(a), 3(b), 4 and 5

13

(IAC claim based on counsel's failure to call an expert to undermine the reliability of eyewitness identification). It is further

**ORDERED** that Applicant may file a Reply within thirty days after Respondents file an Answer.

DATED April 12, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge